No. 24-2867

# In The United States Court of Appeals for the Third Circuit

RICHARD J. SILVERBERG,

*Appellant,*

*v.*

DUPONT DE NEMOURS, INC., *ET AL.*,

*Appellees.*

On Appeal from the United States District Court for the Eastern District of Pennsylvania, No. 23-CV-1868

**APPELLEES DUPONT DE NEMOURS, INC., DOW INC., CORTEVA, INC., INTERNATIONAL FLAVORS AND FRAGRANCES, INC., AVANTOR, INC., LIBERTY MUTUAL GROUP, INC., THE VANGUARD GROUP, INC., WILLIAM PENN FOUNDATION, CITY OF PHILADELPHIA, BALLARD SPAHR LLP, GELLERT SCALI BUSENKELL & BROWN LLC, EDWARD BREEN, ANDREW LIVERIS, RAJIV GUPTA, ANDREAS FIBIG, DAVID H. LONG, TIMOTHY BUCKLEY, JANET HAAS, JAMES KENNEY, MARCEL S. PRATT, DIANA CORTES, MARISSA O'CONNELL, BRIAN CULLIN, AND GARY F. SEITZ'S MOTION TO SUMMARILY AFFIRM THE DISTRICT COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

Paul Lantieri III (PA ID 88160)
Ballard Spahr LLP
1735 Market Street
51st Floor
Direct:  215.864.8279
Fax:  215.864.8999
Email:  LantieriP@ballard-spahr.com

*Counsel for DuPont De Nemours, Inc., International Flavors & Fragrances, Inc., Avantor Inc., Corteva, Inc., Ballard Spahr LLP, Marcel S. Pratt, Edward Breen, Rajiv Gupta, and Andreas Fibig*

Stuart Steinberg (PA ID 82196)
Dechert LLP
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
Direct:  215-994-2521
Fax:  215.994.2222
Email: stuart.steinberg@dechert.com

*Counsel for Dow Inc.*

Michael E. Baughman (PA ID 78690)
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com

*Counsel for The Vanguard Group, Inc., and Timothy Buckley*

Frederick P. Marczyk (PA ID 89878)
Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
Direct:  215-988-3373
Fax:  215-988-2757
Frederick.Marczyk@faegredrinker.com

*Counsel for Liberty Mutual Group, Inc. and David H. Long*

Gabriella Scott (PA ID 332391)
Cozen O'Connor
One Liberty Place
1650 Market Street Suite 2800
Philadelphia, PA 19103
Direct: 215-665-4128
Fax: 215-372-2373
Email: GScott@cozen.com

*Counsel for William Penn Foundation and Dr. Janet Haas*

Adam R. Zurbriggen (PA ID 331169)
City of Philadelphia
Law Department
17th Floor
1515 Arch Street
Philadelphia, PA 19102
Direct: 215-683-5011
adam.zurbriggen@phila.gov

*Counsel for City of Philadelphia, James Kenney, Diana Cortes, Marissa O'Connell, Brian Cullin*

Gary F. Seitz (PA ID 52865)
Gellert Seitz Busenkell & Brown
901 Market Street
Suite 3020
Philadelphia, PA 19107
Direct: 215-238-0011
Fax: 215.238.0016
Email: gseitz@gsbblaw.com

*Counsel for Gellert, Scali, Busenkell & Brown LLC and Gary F. Seitz*

Gregory F. Laufer
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019
Direct: 212-373-3000
Fax: 212-492-0441
Email: GLaufer@paulweiss.com

*Counsel for Andrew Liveris*

December 9, 2024

## Rule 26.1 Corporate Disclosure Statement

Pursuant to Rule 26.1, the Moving Appellees declare the following:

- DuPont de Nemours, Inc., has no parent company, The Vanguard Group, Inc., holds more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- Dow Inc., has no parent company, no publicly held company owns more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- Corteva, Inc., has no parent company, no publicly held company holds more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- International Flavors and Fragrances, Inc., has no parent company, no publicly held company holds more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- Avantor, Inc., has no parent company, T. Rowe Price Investment Management, Inc. and BlackRock, Inc. own more than

10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- Liberty Mutual Group, Inc., has two parent companies, Liberty Mutual Holding Company, Inc., and LMHC Massachusetts Holdings, Inc., no publicly held corporation owns 10% or more of Liberty Mutual Group, Inc.'s stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- The Vanguard Group, Inc., is a wholly and jointly owned subsidiary of the investment companies comprising the Vanguard Group of Investment Companies, no publicly held corporation owns 10% or more of The Vanguard Group, Inc.'s stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- The William Penn Foundation has no parent company, no publicly held company holds more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

- Ballard Spahr LLP has no parent company, no publicly held company holds more than 10% of its stock, and no publicly

held corporation has a financial interest in the outcome of this proceeding.

- Gellert Scali Busenkell & Brown LLC has no parent company, no publicly held company holds more than 10% of its stock, and no publicly held corporation has a financial interest in the outcome of this proceeding.

# <u>TABLE OF CONTENTS</u>

Rule 26.1 Corporate Disclosure Statement ...............................................i

Introduction.................................................................................... 1

Procedural Background........................................................................ 3

Argument......................................................................................... 5

    I.    The District Court Correctly Identified That Silverberg's Claims Continue to Run Afoul of the Rooker-Feldman Doctrine. ............................................................................ 6

Conclusion ...................................................................................... 8

Certifications .................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Banks v. President U.S.*,
　858 F. App'x 490 (3d Cir. 2021) (*per curiam*) ......................................................5

*Cambria County Children & Youth Servs. v. Lucas*,
　137 Fed. Appx. 448 (3d Cir. 2005).......................................................................6

*Murray v. Bledsoe*,
　650 F.3d 246 (3d Cir. 2011) (*per curiam*) ...........................................................5

*Silverberg v. City of Philadelphia*,
　847 Fed. Appx. 152 (3d Cir. 2021).................................................................2, 6, 7

*Whiteford v. Reed*,
　155 F.3d 671 (3d Cir. 1998) ..................................................................................6

**Other Authorities**

Local Rule 27.4 .............................................................................................................1

Pursuant to Third Circuit Local Rule 27.4, Appellees DuPont de Nemours, Inc., Dow Inc., Corteva, Inc., International Flavors and Fragrances, Inc., Avantor, Inc., Liberty Mutual Group, Inc., The Vanguard Group, Inc., William Penn Foundation, City of Philadelphia, Ballard Spahr LLP, Gellert Scali Busenkell & Brown LLC, Edward Breen, Andrew Liveris, Rajiv Bupta, Andreas Fibig, David H. Long, Timothy Buckley, Janet Haas, James Kenney,  Marcel S. Pratt, Diana Cortes, Marissa O'connell, Brian Cullin, and Gary F. Seitz's (the "Moving Appellees") move for summary affirmance of the District Court's September 30, 2024 Order dismissing Plaintiff / Appellant Richard J. Silverberg's Complaint with prejudice, as well as the Court's October 24, 2024 Memorandum explaining the dismissal.  For the reasons identified in the District Court's decision, Silverberg's claims are so insubstantial as to not require further argument, and the District Court's judgment should be summarily affirmed.  The Moving Appellees also respectfully requests that the Court stay the briefing schedule pending the disposition of this motion.

## Introduction

This is the third of four lawsuits initiated by Silverberg targeting the City of Philadelphia (the "City") and a variety of other defendants related to the City's efforts to collect on judgments entered against Silverberg in

the Philadelphia Court of Common Pleas (the "State Court Judgments").
As the District Court summarized, the Complaint in this matter "is a
byzantine and prolix tome that runs 117 pages . . . and contains 393 par-
agraphs" alleging that the Defendants engaged in "an implausibly expan-
sive and enduring alleged conspiracy among Defendants to conduct a
'proxy war' against him to prevent him from publishing his 'antici-
pated'—*but as-yet hypothetical*—book[.]"  ECF No. 173.[1] (emphasis in the
original)

The underlying Complaint was not the first time Silverberg chal-
lenged the State Court Judgments.  Silverberg first sued the City and
several other Defendants in 2019 alleging wrongs related to the City's
efforts to collect on the State Court Judgments.  Judge Surrick dismissed
that earlier case due to lack of subject matter jurisdiction under the
*Rooker-Feldman* doctrine, and this Court affirmed that dismissal.  *See
generally Silverberg v. City of Philadelphia*, 847 Fed. Appx. 152 (3d Cir.
2021).

The Complaint on appeal here accuses certain defendants of violating
his constitutional rights, and accuses all defendants of RICO violations

---

[1] ECF citations in this Motion are to the District Court docket of the case that is
the subject of this appeal.

and various common law claims. [2] The Defendants each moved to dismiss the Complaint due to lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, as well as other grounds, as this latest version of Silverberg's Complaint is simply another pretextual attack on the underlying State Court Judgments like the prior action that was dismissed and affirmed by this Court. The District Court agreed that Silverberg continued to run afoul of *Rooker-Feldman*, and dismissed this latest Complaint with prejudice.

The Moving Appellees have already spent substantial sums defending against Silverberg's baseless claims in the District Court. Indeed, forcing the defendants to spend needless time and money in responding to his claims seems to be one of Plaintiff's primary goals. This Court should summarily affirm and not require the Moving Appellees to spend yet more money filing a formal brief.

### Procedural Background

---

[2] Silverberg, a Pennsylvania-barred attorney, has even named state court judges as defendants in certain of the cases he has filed challenging the State Court Judgments and, as the District Court noted, "is the subject of pending Disciplinary Proceedings alleging that his conduct in connection with cases discussed herein violated several Pennsylvania Rules of Professional Conduct." *See* ECF No. 173 at p. 1 n. 1.

Silverberg filed the Complaint that is the subject of this appeal on May 17, 2023. After the Defendants each moved to dismiss, Silverberg filed an Amended Complaint asserting 13 counts: Count I (for alleged violations of Silverberg's constitutional rights); Counts II, III, IV, V, VI (collectively alleging various violations of the RICO statute); Count VII (alleging retaliation); Count VIII (alleging Abuse of Process); Count IX (alleging common law Fraud); Count X (alleging Tortious Interference with Business Relations), Count XI (alleging Conversion), Count XII (alleging Intentional Infliction of Emotion Distress), and Count XIII (Civil Conspiracy).

On August 7, 2023 – before any responses to the Complaint were filed – Silverberg filed a Motion for Partial Summary Judgment, which the District Court denied as premature. Defendants then filed motions to dismiss the Amended Complaint on October 10, 2023. While those motions were pending, Silverberg filed a Motion for a Temporary Restraining Order and Preliminary Injunction to enjoin disciplinary proceedings against him before the Disciplinary Board of the Supreme Court of Pennsylvania on March 15, 2024. The District Court denied that request for injunctive relief on April 2, 2024.

The District Court entered its Order dismissing the underlying Complaint with prejudice on September 30, 2024. The District Court's Memorandum explaining its order was docketed on October 24, 2024. This appeal followed. The Moving Appellees now timely move this Court to summarily affirm the District Court's Order and Memorandum dismissing Silverberg's claims with prejudice.

## Argument

If an appeal fails to present a substantial question, the Court may summarily affirm a District Court's decision "on any basis supported by the record." *Banks v. President U.S.*, 858 F. App'x 490, 491 (3d Cir. 2021) (*per curiam*) (citing *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (*per curiam*); *see also* Third Circuit LAR 27.4(a) ("A party may move for summary action affirming . . . a judgment, decree or order, alleging that no substantial question is presented"). Motions for summary action "should be filed before appellant's brief is due."[3] Third Circuit LAR 27.4(b). This case calls out for summary affirmance because Silverberg has failed to present a substantial question on any issue.

---

[3] While Silverberg's Brief was filed with this Court on December 2, 2024, it was not due under the Court's briefing notice until December 10, 2024.

## I. The District Court Correctly Identified That Silverberg's Claims Continue to Run Afoul of the Rooker-Feldman Doctrine.

When assessing a district court's application of the *Rooker-Feldman* doctrine, this Court exercises plenary review. *Cambria County Children & Youth Servs. v. Lucas*, 137 Fed. Appx. 448, 449 (3d Cir. 2005) (granting summary affirmance of a district court's dismissal of claims based on lack of subject-matter jurisdiction) (citing *Whiteford v. Reed*, 155 F.3d 671, 672 (3d Cir. 1998)).  In evaluating a motion to dismiss where *Rooker-Feldman* is invoked, a court must determine whether the following elements are met:  "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff [invites] the district court to review and reject the state judgments."  *Silverberg*, 847 Fed Appx. at 154 (citing Allen v. DeBello, 861 F.3d 433, 438 3d. Cir. 2017)).

Here, the District Court properly evaluated those factors, and found it lacked subject-matter jurisdiction over Silverberg's claims.   As it explained:

- Silverberg lost two cases leading to the State Court Judgments.  *See* ECF No. 173 at p. 26.

6

- All of the injuries about which Silverberg complains in this litigation stem from those State Court Judgments and the City's attempts to collect the judgment amounts. *See* ECF No. 173 at pp. 27-30.

- Silverberg's appeals of the State Court Judgments ended before this case was filed in May 2023. *See* ECF No. 173 at p. 26.

- The District Court also explained how the litigation that is the subject of this appeal "amounts to an impermissible invitation for a federal court to overturn state-court judgments." *See* ECF No. 173 at p. 30 (citing *Silverberg*, 847 Fed. Appx. at 155).

Because all four elements of the *Rooker-Feldman* doctrine were properly identified here, the District Court was correct in finding that it lacked jurisdiction over Silverberg's claims. The District Court also noted that it had previously determined "under essentially identical circumstances" that the first federal lawsuit Silverberg brought similarly ran afoul of *Rooker-Feldman*. ECF No. 173 at p. 21.

Given that this Court affirmed the dismissal of Silverberg's earlier case "under essentially identical circumstances," Silverberg cannot credibly argue that his present appeal presents any substantial question for review. Instead, it is yet another chapter in his vexatious campaign to weaponize the court system and subject scores of innocent defendants to spend unnecessary legal fees. This Court should not allow it. Summary affirmance of the District Court's Order and Memorandum is proper here.

## Conclusion

For the foregoing reasons, the Moving Appellees respectfully request that the Court summarily affirm the District Court's Order dismissing Silverberg' claims with prejudice and stay the briefing schedule pending its decision on this motion.

Dated: December 9, 2024

Respectfully submitted

/s/ Paul Lantieri

Paul Lantieri III, Esquire
  (PA ID 88160)
Ballard Spahr LLP
1735 Market Street
51st Floor
Direct:  215.864.8279
Fax:  215.864.8999
Email:  LantieriP@ballard-spahr.com

Counsel for DuPont De Nemours, Inc., International Flavors & Fragrances, Inc., Avantor Inc., Corteva, Inc., Ballard Spahr LLP, Marcel S. Pratt, Edward Breen, Rajiv Gupta, and Andreas Fibig

/s/ Stuart Steinberg

Stuart Steinberg (PA ID 82196)
Dechert LLP
2929 Arch Street
Cira Centre
Philadelphia, PA 19104
Direct:  215-994-2521
Fax:  215.994.2222
Email: stuart.steinberg@dechert.com

Counsel for Dow Inc.

/s/ Michael E. Baughman

Michael E. Baughman (PA 78690)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com

Counsel for The Vanguard Group, Inc., and Timothy Buckley

/s/ Frederick P. Marczyk

Frederick P. Marczyk (PA ID 89878)
Faegre Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
Direct:  215-988-3373
Fax:  215-988-2757
Frederick.Marczyk@faegredrinker.com

Counsel for Liberty Mutual Group, Inc. and David H. Long

*/s/ Gabreilla Scott*
Gabriella Scott (PA ID 332391)
Cozen O'Connor
One Liberty Place
1650 Market Street Suite 2800
Philadelphia, PA 19103
Direct: 215-665-4128
Fax: 215-372-2373
Email:  GScott@cozen.com

*Counsel for William Penn Foundation and Dr. Janet Haas*

*/s/ Adam R. Zurbriggen*
Adam R. Zurbriggen (PA ID 331169)
City of Philadelphia
Law Department
17th Floor
1515 Arch Street
Philadelphia, PA 19102
Direct: 215-683-5011
adam.zurbriggen@phila.gov

*Counsel for City Of Philadelphia, James Kenney, Diana Cortes, Marissa O'Connell, Brian Cullin*

*/s/ Gary F. Seitz*
Gary F. Seitz (PA ID 52865)
Gellert Seitz Busenkell & Brown
901 Market Street
Suite 3020
Philadelphia, PA 19107
Direct:  215-238-0011
Fax:  215.238.0016
Email: gseitz@gsbblaw.com

*Counsel for Gellert, Scali, Busenkell & Brown LLC and Gary F. Seitz*

*/s/ Gregory F. Laufer*
Gregory F. Laufer, Esquire
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019
Direct:  212-373-3000
Fax:  212-492-0441
Email: GLaufer@paulweiss.com

*Counsel for Andrew Liveris*

# Certifications

1.    Bar Membership

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.    Certificate of Compliance with Rule 27 (d) and 32(a):

This motion complies with the type volume, typeface, and typestyle requirements of Federal Rules of Appellate Procedure 32(a)(5), (6), and 27(d)(1), (2), because it contains 1,324 words, exclusive of the cover, tables, and certificates, and has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

3.    Certificate of Service

I hereby certify that, on December 9, 2024, a true and correct copy of this document was served on counsel of record through the Court's CM/ECF system.

Dated: December 9, 2024          */s/ Michael E. Baughman*
                                 Michael E. Baughman