No. 24-2867

In the United States Court of Appeals
for the Third Circuit

———————————————

RICHARD J. SILVERBERG,

Appellant.

v.

DUPONT DE NEMOURS, INC.; DOW, INC.; CORTEVA, INC;
INTERNATIONAL FLAVORS & FRAGRANCES, INC.; AVANTOR, INC.;
LIBERTY MUTUAL GROUP, INC.; THE VANGUARD GROUP, INC;
WILLIAM PENN FOUNDATION; CITY OF PHILADELPHIA; BALLARD
SPAHR LLP; GELLERT SCALI BUSENKELL & BROWN LLC; EDWARD
BREEN; ANDREW LIVERIS; RAJIV GUPTA; ANDREAS FIBIG; DAVID H.
LONG; TIMOTHY BUCKLEY; JANET HAAS, M.D.; JAMES KENNEY;
MARCEL S. PRATT, ESQUIRE;  DIANA CORTES, ESQUIRE; MARISSA
O'CONNELL, ESQUIRE; BRIAN R. CULLIN, ESQUIRE; GARY F. SEITZ,
ESQUIRE; AND JOHN DOE NOS. 1-15,

Appellees.

———————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2:23-cv-01868) (The Honorable R. Barclay Surrick)

———————————————

**SUPPLEMENTAL APPENDIX**

———————————————

GREGORY F. LAUFER
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON
1285 6th Avenue
New York, NY 10019–6064
Direct: (212) 373-3000
Fax: (212) 492-0441


*Attorney for Appellee
Andrew Liveris*

# <u>TABLE OF CONTENTS</u>

Defendant Andrew Liveris's Motion to Dismiss the Amended
Complaint (Dkt. 87)………………………………………….AL 1

## CERTIFICATE OF SERVICE

I, Gregory F. Laufer, counsel for Andrew Liveris and a member of the Bar of this Court, certify that, on February 6, 2025, an electronic copy of this Supplemental Appendix was filed with the Clerk of Court using the CM/ECF System. I further certify that all parties required to be served have been served.

Dated: February 6, 2025

_/s/ Gregory F. Laufer_
Gregory F. Laufer

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNYSLVANIA

RICHARD J. SILVERBERG,

        Plaintiff,

   v.

DUPONT DE NEMOURS, INC; DOW INC.;
CORTEVA, INC; INTERNATIONAL FLAVORS
AND FRAGRANCES, INC; AVANTOR, INC.;
LIBERTY MUTUAL GROUP, INC.; THE
VANGUARD GROUP, INC.; WILLIAM PENN
FOUNDATION; CITY OF PHILADELPHIA;
BALLARD SPAHR LLP; GELLERT SCALI
BUSENKELL & BROWN LLC; EDWARD
BREEN; ANDREW LIVERIS; RAJIV GUPTA;
ANDREAS FIBIG; DAVID H. LONG; TIMOTHY
BUCKLEY; JANET HAAS, M.D.; JAMES
KENNEY; MARCEL S. PRATT, ESQUIRE;
DIANA CORTES, ESQUIRE; MARISSA
O'CONNELL, ESQUIRE; BRIAN R. CULLEN,
ESQUIRE; GARY F. SEITZ, ESQUIRE, AND
JOHN DOES NOS. 1-15

        Defendants.

Case No. 23-cv-1868-RBS

## DEFENDANT ANDREW LIVERIS'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Andrew Liveris respectfully moves to dismiss the Amended Complaint against him with prejudice for Lack of Subject-Matter Jurisdiction, Insufficient Service of Process, and Failure to State a Claim Upon Which Relief Can be Granted pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), respectively.  Mr. Liveris's motion is supported by the incorporated Memorandum of Law filed herewith.

AL 1

Dated:  October 10, 2023

Respectfully submitted,

By:  */s/ Gregory F. Laufer*

Gregory F. Laufer (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
glaufer@paulweiss.com

Stuart T. Steinberg
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone:  (215) 994-2521
Facsimile:  (215) 994-2222
stuart.steinberg@dechert.com

*Counsel for Defendant Andrew Liveris*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 10, 2023, I served a true and correct copy of the foregoing upon all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Gregory F. Laufer*

Gregory F. Laufer (*pro hac vice*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| RICHARD J. SILVERBERG, <br><br> Plaintiff, <br><br> v. <br><br> DUPONT DE NEMOURS, INC; DOW INC.; CORTEVA, INC; INTERNATIONAL FLAVORS AND FRAGRANCES, INC; AVANTOR, INC.; LIBERTY MUTUAL GROUP, INC.; THE VANGUARD GROUP, INC.; WILLIAM PENN FOUNDATION; CITY OF PHILADELPHIA; BALLARD SPAHR LLP; GELLERT SCALI BUSENKELL & BROWN LLC; EDWARD BREEN; ANDREW LIVERIS; RAJIV GUPTA; ANDREAS FIBIG; DAVID H. LONG; TIMOTHY BUCKLEY; JANET HAAS, M.D.; JAMES KENNEY; MARCEL S. PRATT, ESQUIRE; DIANA CORTES, ESQUIRE; MARISSA O'CONNELL, ESQUIRE; BRIAN R. CULLEN, ESQUIRE; GARY F. SEITZ, ESQUIRE, AND JOHN DOES NOS. 1-15 <br><br> Defendants. | Case No. 23-cv-1868-RBS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**ANDREW LIVERIS'S MOTION TO DISMISS THE AMENDED COMPLAINT**

October 10, 2023

AL 4

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ..................................................................................... 3

ARGUMENT ........................................................................................................... 5

I.      PLAINTIFF HAS NOT PROPERLY SERVED MR. LIVERIS. ..................... 5

II.     THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AS TO MR.
       LIVERIS ............................................................................................................ 9

       A.     The Amended Complaint fails to state a Civil RICO claim against Mr.
              Liveris. ................................................................................................ 11

       B.     The Amended Complaint fails to state a claim for conspiracy to commit
              Civil RICO under 18 U.S.C. § 1962(d). ............................................... 17

       C.     The Amended Complaint fails to state a claim for obstruction of justice
              against Mr. Liveris. ............................................................................. 18

       D.     The Amended Complaint fails to state a claim for abuse of process against
              Mr. Liveris. ......................................................................................... 18

       E.     The Amended Complaint fails to state a claim for tortious interference
              with business relations against Mr. Liveris.......................................... 19

       F.     The Amended Complaint fails to state a claim for fraud against Mr.
              Liveris. ................................................................................................ 20

       G.     The Amended Complaint fails to state a claim for conversion against Mr.
              Liveris. ................................................................................................ 21

       H.     The Amended Complaint fails to state a claim for intentional infliction of
              emotional distress against Mr. Liveris. ............................................... 22

       I.     The Amended Complaint fails to state a claim for civil common law
              conspiracy against Mr. Liveris............................................................ 24

CONCLUSION ...................................................................................................... 25

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alejandro* v. *Freedom Mortg. Corp.*,
No. 22-900, 2022 WL 3913550 (E.D. Pa. Aug. 30, 2022) .....................................11

*Alitsource S.A.R.L.* v. *Szumanski*,
No. 21-03293, 2022 WL 909872 (D.N.J. Mar. 29, 2022) ....................................16

*Ally* v. *Temple Univ.*,
No. 19-561, 2019 WL 4735495 (E.D. Pa. Sept. 26, 2019) ...................................18

*Amos* v. *Franklin Fin. Servs. Corp.*,
509 Fed. Appx. 165 (3d Cir. 2013) ......................................................................16

*United States* v. *Andrews*,
681 F.3d 509 (3d Cir. 2012) .................................................................................15

*Ashcroft* v. *Iqbal*,
556 U.S. 662 (2009) .............................................................................................10

*Ayres* v. *Jacobs & Crumplar, P.A.*,
99 F.3d 565 (3d Cir. 1996) .....................................................................................5

*Banks* v. *Wolk*,
918 F.2d 418 (3d Cir. 1990) .................................................................................16

*Bell* v. *Dehorta*,
No. 3:20-46, 2023 WL 1863299 (W.D. Pa. Feb. 9, 2023) .....................................6

*Boyanowski* v. *Cap. Area Intermediate Unit*,
215 F.3d 396 (3d Cir. 2000) .................................................................................24

*Boyle* v. *United States*,
556 U.S. 938 (2009) .............................................................................................11

*Brown* v. *Kaiser Found. Health Plan of Mid-Atl. States, Inc.*,
No. 1:19-1190, 2019 WL 7281928 (M.D. Pa. Dec. 27, 2019) .............................10

*Bryan* v. *Erie Cnty. Off. of Children & Youth*,
861 F. Supp. 2d 553 (W.D. Pa. 2012) ..................................................................23

*Bryant* v. *Collins*,
2017 WL 1354941 (E.D. Pa. Apr. 13, 2017) .......................................................11

AL 6

*CGB Occupational Therapy, Inc.* v. *RHA Health Servs. Inc.*,
    357 F.3d 375 (3d Cir. 2004)....................................................................19

*City of Warren Police & Fire Ret. Sys.* v. *Prudential Fin., Inc.*,
    70 F.4th 668 (3d Cir. 2023) ...................................................................10

*Clark* v. *Coupe*,
    55 F.4th 167 (3d Cir. 2022) ...................................................................10

*CollegeSource, Inc.* v. *AcademyOne, Inc.*,
    597 Fed. Appx. 116 (3d Cir. 2015)..........................................................11

*Curbison* v. *United States Gov't of New Jersey*,
    No. 05-5280 (JBS), 2006 WL 3544560 (D.N.J. 2006) ............................7

*United States* v. *Dobson*,
    419 F.3d 231 (3d Cir. 2005)....................................................................15

*United States* v. *Eastwick Coll.*,
    657 Fed. Appx. 89 (3d Cir. 2016) .......................................................1, 10

*Emel* v. *Singleton*,
    3:CV-09-0664, 2010 WL 1005264 (M.D. Pa. Feb. 11, 2010)...............14

*Feingold* v. *Graff*,
    No. 12-1090, 2012 WL 2400998 (E.D. Pa. June 26, 2012)...................25

*Fischer* v. *Fed. Express Corp.*,
    42 F.4th 366 (3d Cir. 2022) .....................................................................8

*Garcia* v. *Wind Creek Bethlehem, LLC*,
    2022 WL 4130754 (E.D. Pa. Sept. 12, 2022) .........................................1

*Gen. Refractories Co.* v. *Fireman's Fund Ins. Co.*,
    337 F.3d 297 (3d Cir. 2003)....................................................................25

*Ghost* v. *Victory Recovery Serv., Inc.*,
    No. 14-215, 2014 WL1515700 (E.D. Pa. Apr. 17, 2014) ........................5

*Grand Ent. Grp.* v. *Star Media Sales, Inc.*,
    988 F.2d 476 (3d Cir. 1993).....................................................................5

*M.S. ex rel. Hall* v. *Susquehanna Twp. Sch. Dist.*,
    43 F. Supp. 3d 412 (M.D. Pa. 2014).......................................................24

*Harvey A. Kalan, M.D., Inc.* v. *Lincoln Nat'l Life Ins. Co.*,
    No. 14-5216, 2022 WL 3350358 (E.D. Pa. Aug. 12, 2022) ..................18

*Hollander* v. *Etymotic Rsch., Inc.*,
    726 F. Supp. 2d 543 (E.D. Pa. 2010) ...................................................................20

*Hoy* v. *Angelone*,
    720 A.2d 745 (Pa. 1998) .....................................................................................23

*Hutton* v. *KDM Transport, Inc.*,
    No. 14-3264, 2014 WL 3353237 (E.D. Pa. July 9, 2014) ....................................5, 6

*Infantino* v. *West Wyoming Borough*,
    No. 3:12-2539, 2013 WL 1345628 (M.D. Pa. Apr. 2, 2013)................................7, 8

*In re Ins. Brokerage Antitrust Litig.*,
    618 F.3d 300 (3d Cir. 2010)................................................................................11

*Johnson* v. *United States*,
    559 U.S. 133 (2010)............................................................................................12

*Joseph W. Davis, Inc.* v. *Int'l Union of Op. Eng'r, Local 542*,
    636 F. Supp. 2d 403 (E.D. Pa. 2008) .................................................................20

*Joynes* v. *Meconi*,
    No. 05-332 (GMS), 2006 WL 2819762 (D. Del. Sept. 30, 2006) .........................18

*Jung* v. *Bank of Am., N.A.*,
    No. 3:16-CV-00704, 2016 WL 592973 (M.D. Pa. Aug. 2, 2016) .........................18

*Keim* v. *Cnty of Bucks*,
    275 F. Supp. 2d 628 (E.D. Pa. 2003) .................................................................19

*Keita* v. *Delta Community Supports, Inc.*,
    No. 19-5967, 2020 WL 3453718 (E.D. Pa. June 24, 2020)..................................13

*Kolar* v. *Preferred Real Estate Inv., Inc.*,
    361 Fed. Appx. 354 (3d Cir. 2010).....................................................................17

*Kornea* v. *J.S.D. Mgmt., Inc.*,
    336 F. Supp. 3d 505 (E.D. Pa. 2018) ...................................................................6

*KSM Assocs., Inc.* v. *ACS State Healthcare LLC*,
    No. 05-4118, 2006 WL 8459538 (E.D. Pa. Jan 24, 2006).............................16, 21

*Lampe* v. *Xouth, Inc.*,
    952 F.2d 697 (3d Cir. 1991).................................................................................5

*Lightning Lube, Inc.* v. *Witco Corp.*,
    4 F.3d 1153 (3d Cir. 1994)..................................................................................17

**AL 8**

*Magnum* v. *Archdiocese of Phila.*,
No. 06-CV-2589, 2006 WL 3359642 (E.D. Pa. Nov. 17, 2006) .......................................16, 17

*Mandale* v. *Des Moines Tria Tower, LLC*,
No. 08-04888, 2009 WL 2412596 (E.D. Pa. Aug. 5, 2009) ......................................................6

*Marshall* v. *Park Plaza Condominium Ass'n*,
No. CIV A 98-2912, 1999 WL 689735 (E.D. Pa. Sept. 3, 1999) .............................................9

*United States* v. *Monroe*,
837 Fed. Appx. 898 (3d Cir. 2021)...........................................................................................12

*Ocasio* v. *United States*,
578 U.S. 282 (2016)..................................................................................................................13

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
193 F.3d 781 (3d Cir. 1999)......................................................................................................24

*United States* v. *Pawlowksi*,
351 F. Supp. 3d 840 (E.D. Pa. 2018) .......................................................................................13

*Personavera, LLC* v. *Coll. of Healthcare Info. Mgmt. Executives*,
No. CV 18-633, 2021 WL 1313108 (E.D. Pa. Apr. 8, 2021) ..................................................22

*Proudfoot* v. *Williams*,
803 F. Supp. 1048 (E.D. Pa. 1992) ..........................................................................................23

*Reedy* v. *Evanson*,
615 F.3d 197 (3d Cir. 2010).................................................................................................23, 24

*Reeves* v. *Middletown Athletic Ass'n*,
866 A.2d 1115 (Pa. Super. Ct. 2004)........................................................................................24

*Reves* v. *Ernst & Young*,
507 U.S. 170 (1993)..................................................................................................................16

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2002)......................................................................................................10

*Samuel* v. *Del. Cnty. Hous. Auth.*,
No. 22-2451, 2023 WL 4494163 (E.D. Pa. July 11, 2023) .....................................................22

*Shaikh* v. *Germadnig*,
No. 22-2053 (RK) (JBD), 2023 WL 4534127 (D.N.J. July 13, 2023) ....................................12

*Spokane* v. *Nationwide Life Ins. Co.*,
617 F. Supp. 3d 290 (E.D. Pa. 2022) .......................................................................................16

*Thompson* v. *Kramer*,
No. 93-2290, 1994 WL 725953 (E.D. Pa. Dec. 29, 1994) ...................................................18

*Travis* v. *State Auto Mutual Ins. Co., Inc.*,
No. 21-5395, 2023 WL 2163975 (E.D. Pa. Feb. 22, 2023) ..................................................17

*Trueposition, Inc.* v. *Sunon, Inc.*,
No. 05-3023, 2006 WL 1686635 (E.D. Pa. June 14, 2006) ...................................................6

*Turner* v. *Shirey*,
No. 16-3886, 2017 WL 1709811 (E.D. Pa. May 2, 2017) .....................................................7

*West* v. *SunTrust Mortg.*,
No. 18-3778, 2018 WL 5977984 (E.D. Pa. Nov. 14, 2018) .................................................17

*White* v. *Brommer*,
747 F. Supp. 2d 447 (E.D. Pa. 2010) ...............................................................................24

*Williams* v. *Delaware Cnty. Bd. of Prison Inspectors*,
No. 17-4348, 2018 WL 5018455 (E.D. Pa. Oct. 15, 2018) ...................................................7

*Williams* v. *Off. of Pub. Def. Cty. Of Lehigh*,
586 A.2d 924 (Pa. Super. Ct. 1990) ...................................................................................8

*Wolk Law Firm* v. *United States of Am. Nat'l Transp. Safety Bd.*,
No. 19-1401, 2019 WL 5081996 (E.D. Pa. Oct. 10, 2019) .................................................18

*Zimmerman Slate Roofing Specialists, LLC* v. *Seidner*,
No. 418 EDA 2013, 2014 WL 10979803 (Pa. Super. Ct. Mar. 31, 2014) ..............................9

**Statutes**

18 U.S.C. §1341 .....................................................................................................12, 15

18 U.S.C. §1343 .....................................................................................................12, 15

18 U.S.C. § 1346 ...........................................................................................................15

18 U.S.C. § 1503 ...........................................................................................................18

18 U.S.C. § 1512 .....................................................................................................12, 14

18 U.S.C. §§ 1512(b)–(d) ...............................................................................................14

18 U.S.C. § 1951 ...........................................................................................................12

18 U.S.C. § 1951(b)(1) ...................................................................................................12

18 U.S.C. § 1951(b)(2) ..............................................................................................12, 14

AL 10

18 U.S.C. § 1961(4) ..................................................................................................11

18 U.S.C. § 1962 .................................................................................................16, 17

18 U.S.C. § 1962(c) .........................................................................................11, 18

18 U.S.C. § 1962(d) .........................................................................................17, 18

RICO ...........................................................................................................*passim*

**Other Authorities**

Del. R. Civ. P. Super. Ct. 4(f)(1)(I) ...........................................................................9

Fed. R. Civ. P. 4 ..........................................................................................................5

Fed. R. Civ. P. 4(e)(1) ................................................................................................7

Fed. R. Civ. P. 4(e)(2)(A) ..........................................................................................5

Fed. R. Civ. P. 4(e)(2)(B) ..........................................................................................5

Fed. R. Civ. P. 4(e)(2)(C) ..........................................................................................5

Fed. R. Civ. P. 9(b) .......................................................................................10, 16, 21

Fed. R. Civ. P. 12(b)(1) ..............................................................................................1

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ........................................................................1

Fed. R. Civ. P. 12(b)(5) ......................................................................................1, 2, 9

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 2, 9

Pa.R.C.P. No. 402 .......................................................................................................8

Pa.R.C.P. No. 402(a)(1)–(2)(ii) .................................................................................8

Pa.R.C.P. No. 402(a)(2)(iii) ....................................................................................8, 9

AL 11

Defendant Andrew Liveris, by and through his undersigned counsel, hereby files this Memorandum of Law in Support of his Motion to Dismiss Plaintiff Richard J. Silverberg's ("Plaintiff") Amended Civil Action ("Amended Complaint") for Lack of Subject-Matter Jurisdiction, Insufficient Service of Process, and Failure to State a Claim Upon Which Relief Can be Granted pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), respectively.[1]

## PRELIMINARY STATEMENT

This lawsuit is Mr. Silverberg's ***third*** attempt to improperly relitigate decisions made by the City of Philadelphia and Pennsylvania State Courts. Each prior attempt has swiftly and appropriated been rejected. Now, hoping to evade the pitfalls and *res judicata* impediments resulting from his prior actions, Plaintiff has come up with yet another outlandish theory centering on an apparently wide-ranging conspiracy allegedly perpetrated against him over the course of decades by a host of companies, law firms, charities, and executives, all utilizing the City of Philadelphia as their lackey. Plaintiff's Amended Complaint, like the Original Complaint that preceded it,[2] is defective on several independently sufficient grounds and should be dismissed.

---

[1]  Mr. Liveris incorporates by reference, as if reasserted herein, each and every argument related to this Court's lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) included in the City Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "City Defendants' Brief") and the Liberty Mutual Defendants' Brief In Support of Their Motion to Dismiss Amended Complaint (the "Liberty Mutual Defendants' Brief"). Mr. Liveris also incorporates by reference, as if reasserted herein, each and every argument related to the untimeliness of Plaintiff's RICO and state law claims on statute of limitations grounds included in Defendant Dow Inc.'s Motion to Dismiss the Amended Complaint ("Dow's Brief").

[2]  On September 15, 2023, Defendants moved to dismiss Plaintiff's Original Complaint (Dkt. No. 1) on various grounds, including lack of subject-matter jurisdiction and failure to state a claim. Dkt. Nos. 67, 69–80. In lieu of filing an opposition to Defendants' motions, Plaintiff filed an Amended Complaint that maintains virtually all of the same defects that plagued the Original Complaint—ostensibly to delay resolution of this matter and to cause Defendants to incur additional legal fees. Plaintiff should not be permitted to persist in this approach. *See United States* v. *Eastwick Coll.*, 657 Fed. Appx. 89, 97 (3d Cir. 2016) (affirming dismissal and denial of leave to amend where plaintiff was on notice of deficiencies in prior complaint and failed to cure them in subsequent amendment); *Garcia* v. *Wind Creek Bethlehem, LLC*, 2022

AL 12

*First*, Plaintiff has failed to properly serve Mr. Liveris.  Plaintiff delivered service of process to the registered agent of International Business Machines Corp. ("IBM"), which is authorized to accept service on behalf of IBM, the corporation.  Although Mr. Liveris sits on the Board of Directors of IBM, he has not authorized IBM's registered agent to accept service on his behalf concerning non-IBM matters such as this one.  Accordingly, the Court should quash this purported service and dismiss the Amended Complaint with respect to Mr. Liveris pursuant to Fed. R. Civ. P. 12(b)(5).

*Second*, all of the allegations in the Amended Complaint regarding Mr. Liveris in particular (to the extent there are any) are conclusory and do not rise to the requisite level of plausibility demanded by Fed. R. Civ. P. 12(b)(6).

*Third*, as discussed in the City Defendants' Brief and the Liberty Mutual Defendants' Brief, which Mr. Liveris incorporates by reference (*see* n.1, *supra*), the *Rooker-Feldman* doctrine requires this Court to dismiss this case for lack of subject-matter jurisdiction.

*Fourth*, as discussed in Dow's Brief, which Mr. Liveris incorporates by reference (*see* n.1, *supra*), Plaintiff's claims against Mr. Liveris are time-barred under the four-year and two-year statutes of limitations governing his RICO and state law claims, respectively.

For all of these reasons, this matter should be dismissed with prejudice with respect to Mr. Liveris.

---

WL 4130754, at *11 n.5 (E.D. Pa. Sept. 12, 2022) (granting motion to dismiss with prejudice where defendants' motions to dismiss the original complaint put plaintiff "on notice of the deficiencies in his pleadings before he filed the Amended Complaint[.]").

AL 13

## STATEMENT OF FACTS[3]

Mr. Liveris is the former Chairman and Chief Executive Officer of Dow, and Executive Chairman of DowDuPont.  *See* Declaration of A. Liveris at ¶ 4.  Currently, he serves as a member of the Boards of Directors of Lucid Motors Group, IBM, Novonix, and Saudi Aramco. *Id.* at ¶ 3.  He is the President of the Board of the Brisbane Organizing Committee for the 2032 Olympic and Paralympic Games, and the Chairman of the BlackRock Long Term Private Capital Fund.  *Id.*  He also serves as a Special Advisor to the Saudi Sovereign Wealth Fund and the Crown Prince of Saudi Arabia.  *Id.*

As with the Original Complaint, the allegations in the Amended Complaint concerning Mr. Liveris are sparse.  Mr. Liveris is not alleged to have ever met, communicated with, or otherwise interacted with Plaintiff.  Nonetheless, Plaintiff alleges that Mr. Liveris became aware at an unspecified time of the claims that Plaintiff was litigating against Rohm and Haas Company ("R&H") after Dow agreed to acquire R&H on or about July 10, 2008.  Am. Compl. ¶¶ 128–130, 133.  Plaintiff does not make any allegations regarding how Mr. Liveris came to know of these claims, what he understood the impact of these claims to have been on the acquisition, or any other detail regarding Mr. Liveris's supposed knowledge.

Nonetheless, Plaintiff alleges that beginning in 2008, "Dow/Liveris became part of an overall effort to prevent shareholders/stakeholders, regulators, Wall Street, and the public at large from ever having full, complete, and accurate information concerning the true condition of R&H, its value, Dow's decision to acquire R&H, the purchase price, and the overall transaction." Am. Compl. ¶ 131.  As part of this purported campaign, Mr. Liveris is alleged to have directed

---

[3]     Mr. Liveris incorporates by reference the Facts and Procedural History section of the City Defendants' Brief, which outlines the circumstances surrounding this lawsuit generally.  We supplement that account only to highlight the issues particular to Mr. Liveris.

AL 14

Dow to engage in numerous transactions and make false and misleading disclosures in order to "mitigate the risks/exposures of Dow and/or others in connection with Dow's ill-advised purchase of R&H." Am. Compl. ¶ 136.

Plaintiff then alleges that in April 2016, he sent an email to unspecified parties at "Dow, DuPont, and Liberty Mutual" about a book he was supposedly writing about his litigation efforts against R&H. Am. Compl. ¶ 177. Mr. Liveris is not alleged to have received this email. However, Mr. Liveris and a group of claimed co-conspirators are alleged to have "determine[d] that action needed to be taken" in response to this email. Am. Compl. ¶ 181. Accordingly, Mr. Liveris and other Defendants are alleged to have engaged the assistance of the "City of Philadelphia and its lawyers" to wage an "illegitimate 'proxy war'" against the Plaintiff as revenge for the Plaintiff's April 2016 email. *See, e.g.*, Am. Compl. ¶ 182. The Amended Complaint does not allege that Mr. Liveris has ever spoken with or interacted with any of the City Defendants.[4] Nor is Mr. Liveris alleged to have been a party to any of the underlying suits that Plaintiff claims were part of this purported proxy war. And Mr. Liveris was not a party to *Silverberg I*, in which Plaintiff alleged the City Defendants were engaged in a conspiracy against him for an entirely different purpose: to cover up a shortfall in fundraising from a recent tax program. *See, e.g.*, Am. Compl. ¶ 226. Nor was Mr. Liveris a party to *Silverberg II*, which Plaintiff voluntarily dismissed. Am. Compl. ¶ 256 n.53.

---

[4] The "City Defendants" are defined as referring to the City of Philadelphia, Kenney, Pratt, Cortes, O'Connell, and Cullin. Am. Compl. ¶ 24 n.3.

AL 15

## ARGUMENT

### I.   PLAINTIFF HAS NOT PROPERLY SERVED MR. LIVERIS.

The question of whether Mr. Liveris has been properly served must be decided "in the first instance," as it is a "prerequisite to proceeding further in a case." *Lampe* v. *Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991); *Grand Ent. Grp.* v. *Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) (describing proper service as a "prerequisite to personal jurisdiction."). Because of this, "the rules governing service of process must be strictly followed." *Hutton* v. *KDM Transport, Inc.*, No. 14-3264, 2014 WL 3353237, at *3 (E.D. Pa. July 9, 2014). Mere "[n]otice of a claim is not sufficient" to substitute for proper service of process. *Ayres* v. *Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996).

Plaintiff bears the "burden of proof" that service was properly effectuated. *Grand Ent. Grp.*, 988 F.2d at 488. To that end, he must demonstrate proper service by a preponderance of the evidence using affidavits, depositions, and oral testimony. *Ghost* v. *Victory Recovery Serv., Inc.*, No. 14-215, 2014 WL1515700, at *1 (E.D. Pa. Apr. 17, 2014). Plaintiff has failed to meet his burden.

Fed. R. Civ. P. 4 provides, in relevant part, that a plaintiff may effect service within a judicial district of the United States in three different ways: (1) delivering copies of the summons and complaint to the individual personally (Fed. R. Civ. P. 4(e)(2)(A)); (2) leaving copies of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there (Fed. R. Civ. P. 4(e)(2)(B)); or (3) delivering copies of each to an agent authorized by appointment or by law to receive service of process (Fed. R. Civ. P. 4(e)(2)(C)). Plaintiff here does not purport to have served Mr. Liveris by personal delivery or by leaving a copy at Mr. Liveris's dwelling. *See* Ex. 1, Proof of Service Affidavit, ECF No. 27 (reflecting that the first two boxes are not checked). Instead, he appears to rely on Fed. R. Civ. P. 4(e)(2)(C), which

5

allows for service by delivery of the summons and complaint on an authorized agent. Where, as is the case here, "the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign on the defendant's behalf." *Hutton*, 2014 WL 3353237, at *3. And the plaintiff must show that the purported agent "was actually appointed by the defendant for the specific purpose of receiving process." *Mandale* v. *Des Moines Tria Tower, LLC*, No. 08-04888, 2009 WL 2412596, at *2 (E.D. Pa. Aug. 5, 2009) (quotations and citation omitted). Having the authority to "accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process." *Kornea* v. *J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018).

The facts here regarding service are as follows. On July 21, 2017, Plaintiff filed a Proof of Service Affidavit from Kevin S. Dunn, a process server. Ex. 1, Proof of Service Affidavit, ECF No. 27. Mr. Dunn purports to have served Mr. Liveris by delivering a copy of the summons to Robin Hutt-Banks, a Managing Agent with the Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808. *Id.* Corporation Service Company and Ms. Hutt-Banks are the registered agent of IBM, not Mr. Liveris personally. *See* Declaration at ¶¶ 9–12.[5] Mr. Liveris does not maintain an office at 251 Little Falls Drive, Wilmington, Delaware. *See id.* at ¶ 10. Indeed, to the best of his knowledge, Mr. Liveris has never visited this address. *See id.*

Significantly, Plaintiff has not shown, and cannot show, that Ms. Hutt-Banks was authorized to accept service on Mr. Liveris's behalf. Ms. Hutt-Banks is only authorized to accept

---

[5] The Court may properly rely on this declaration. Because the motion "requires the resolution of factual issues outside of the pleadings, the Court may consider all undisputed evidence submitted by the parties." *Trueposition, Inc.* v. *Sunon, Inc.*, No. 05-3023, 2006 WL 1686635, at *3 (E.D. Pa. June 14, 2006) (internal quotations omitted). *See also Bell* v. *Dehorta*, No. 3:20-46, 2023 WL 1863299, at *2, 5 (W.D. Pa. Feb. 9, 2023) (crediting defendants' sworn declarations disputing service in finding that plaintiffs failed to properly effectuate service).

service on behalf of IBM, the corporation. *See id.* at ¶¶ 9, 12. Mr. Liveris has not authorized Ms. Hutt-Banks to accept service on his behalf in his personal capacity. *See id.* at ¶ 12. And Mr. Liveris has no other relationship with Ms. Hutt-Banks that would provide her with any actual or implied agency to accept service on his behalf. *See id.* at ¶ 11. The mere fact that Ms. Hutt-Banks may have been the registered agent for IBM is insufficient to demonstrate that she was the registered agent of Mr. Liveris in his personal capacity. *See Turner* v. *Shirey*, No. 16-3886, 2017 WL 1709811, at *2 (E.D. Pa. May 2, 2017) (finding service insufficient where plaintiff served the authorized agent of the individuals' employer when the agent was not the authorized agent of the individuals).

Courts routinely find such service to be improper. The District of New Jersey dealt with a nearly identical factual circumstance in *Curbison* v. *United States Gov't of New Jersey*, No. 05-5280 (JBS), 2006 WL 3544560 (D.N.J. 2006). There, the plaintiff attempted to serve the CEO and members of the Board of Directors of Bayer by delivering a copy of the summons and complaint to a person "authorized to accept service on behalf of Bayer Corporation only, and *not* on behalf of the CEO and members of the Board of Directors." *Id.* at *6 (emphasis in original). Accordingly, the plaintiff failed to properly serve the individual defendants, and the court dismissed the action with respect to them. *Id.*; *see also Infantino* v. *West Wyoming Borough*, No. 3:12-2539, 2013 WL 1345628, at *2 (M.D. Pa. Apr. 2, 2013) (similar); *Williams* v. *Delaware Cnty. Bd. of Prison Inspectors*, No. 17-4348, 2018 WL 5018455, at *3 (E.D. Pa. Oct. 15, 2018) ("[Plaintiff] cannot properly serve [individual defendants] by serving their former employer or their former employer's authorized agent.").

Service as to Mr. Liveris was also improper under Fed. R. Civ. P. 4(e)(1), which allows service by "following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made[.]" *See Fischer* v. *Fed. Express Corp.*, 42 F.4th 366, 382 (3d Cir. 2022) ("State, but not federal, courts are courts of general jurisdiction."). Because this court is located in Pennsylvania, and service was attempted in Delaware, the Court may assess whether Plaintiff's purported service was proper under either Pennsylvania or Delaware law.

Plaintiff has not complied with Pennsylvania Rules of Civil Procedure 402, which governs service of process in Pennsylvania State court. Plaintiff has failed to effect service by handing a copy to Mr. Liveris or conducting service at his residence, as outlined in Pa.R.C.P. No. 402(a)(1)–(2)(ii). Nor was the purported service proper under Pa.R.C.P. No. 402(a)(2)(iii), which allows Plaintiff to effect service by handing a copy "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." "Pennsylvania courts and federal courts interpreting Pennsylvania law have routinely interpreted the phrase 'office or usual place of business of the defendant' as referring to a place where the defendant has a proprietary interest and not where the defendant is merely an employee." *Infantino*, 2013 WL 1345628, at *3 (internal quotations omitted). The Proof of Service Affidavit states it was delivered at 251 Little Falls Drive, Wilmington, DE 19808. Ex. 1, Proof of Service Affidavit, ECF No. 27. This is an office of the Corporation Service Company. *Id.* Mr. Liveris has no proprietary interest or relationship with the Corporation Service Company. *See* Declaration at ¶¶ 9, 10, 12. Nor is Mr. Liveris "regularly present at the office where service was made[.]" *Williams* v. *Off. of Pub. Def. Cty. Of Lehigh*, 586 A.2d 924, 926 (Pa. Super. Ct. 1990). Indeed, Mr. Liveris has never even been to this location, let alone conducted business there. *See id.* at ¶ 10.

But even if this was considered Mr. Liveris's office—and it is not—Ms. Hutt-Banks was not Mr. Liveris's agent, for the reasons described above, nor the "person for the time

being in charge thereof." Pa.R.C.P. No. 402(a)(2)(iii). To be considered the "person for the time being in charge thereof," the Plaintiff must show that the person to be served has "more proprietary responsibility and control over the business than that possessed by the average employee." *Zimmerman Slate Roofing Specialists, LLC* v. *Seidner*, No. 418 EDA 2013, 2014 WL 10979803, at \*6 (Pa. Super. Ct. Mar. 31, 2014). Here, Plaintiff has provided no facts to indicate who Ms. Hutt-Banks is, her role within the Corporation Service Company, or her level of proprietary interest or control over Corporation Service Company. Therefore, service upon her was improper under Pennsylvania law. *See Marshall* v. *Park Plaza Condominium Ass'n*, No. CIV A 98-2912, 1999 WL 689735, at \*2 (E.D. Pa. Sept. 3, 1999) (finding that service was improper under this provision where plaintiff attempted service of process on an individual who was not the defendant's agent at a location that was not the defendant's place of business).

Service was also improper under Delaware law. Delaware provides for service upon the defendant "personally," at the individual's "dwelling house or usual place of abode," or by "delivering copies thereof to an agent authorized by appointment or by law to receive service of process." Del. R. Civ. P. Super. Ct. 4(f)(1)(I). Plaintiff has not purported to serve Mr. Liveris under either of the first two options. And Plaintiff has not served an agent of Mr. Liveris for the same reasons discussed *supra*.

Accordingly, the Court should quash this purported service and dismiss the Amended Complaint with respect to Mr. Liveris pursuant to Fed. R. Civ. P. 12(b)(5).

## II.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AS TO MR. LIVERIS

Even if the Court finds that process was properly served on Mr. Liveris pursuant to Fed. R. Civ. P. 12(b)(5), the Amended Complaint must still be dismissed, as it fails to state a claim with respect to Mr. Liveris under Fed. R. Civ. P. 12(b)(6).

AL 20

A claim can only survive a motion to dismiss "if it contains sufficient factual allegations that, if accepted as true, state a claim of relief that is plausible on its face." *Clark* v. *Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (internal quotations and citations omitted). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). And although the Court is obligated to "accept as true all of plaintiff's well-plead facts in his complaint, the Court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false." *Brown* v. *Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-1190, 2019 WL 7281928, at *3 (M.D. Pa. Dec. 27, 2019) (internal quotations and citations omitted).

Plaintiff's claims of mail fraud, wire fraud, and common law fraud are also subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires that the party alleging fraud "state with particularity the circumstances constituting fraud or mistake." *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) ("Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud."). Put more plainly, Plaintiff must specifically describe the "the time, place, and contents of the false representations or omissions, as well as the identity of the person making the statement and the basis for the statement's falsity." *City of Warren Police & Fire Ret. Sys.* v. *Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023). "[C]onclusory assertions that are devoid of [] factual support" are insufficient to meet this standard. *United States* v. *Eastwick Coll.*, 657 Fed. Appx. 89, 96 (3d Cir. 2016).

Plaintiff fails to meet these bars with respect to each of his allegations against Mr. Liveris.

AL 21

A.    The Amended Complaint fails to state a Civil RICO claim against Mr.
      Liveris.

Plaintiff asserts several civil violations of the RICO statute, namely 18 U.S.C.

§ 1962(c).   To properly plead these claims, "the plaintiff must allege (1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity."  *In re Ins. Brokerage Antitrust Litig.*,

618 F.3d 300, 362 (3d Cir. 2010); *see also CollegeSource, Inc.* v. *AcademyOne, Inc.*, 597 Fed.

Appx. 116, 125 (3d Cir. 2015); *Bryant* v. *Collins*, 2017 WL 1354941, at *5 (E.D. Pa. Apr. 13,

2017).  Plaintiff's Amended Complaint does not make out a single one of these elements with

respect to Mr. Liveris.

*First*, Plaintiff fails to adequately allege the existence of a RICO enterprise.  An

"enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any

union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

While the Amended Complaint is not a model of clarity, Plaintiff appears to be alleging that Mr.

Liveris was part of an "association-in-fact enterprise," which "must have at least three structural

features: a purpose, relationships among those associated with the enterprise, and longevity

sufficient to permit these associates to pursue the enterprise's purpose."  *Boyle* v. *United States*,

556 U.S. 938, 946 (2009); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 364 (same).

Plaintiff fails to establish any relationship between the disparate parties to this

action who are alleged to be associated with the enterprise.  Plaintiff "fails to identify any

relationships among those associated or how any Defendant participated in the management,

direction, or operation of the purported enterprise."  *Alejandro* v. *Freedom Mortg. Corp.*, No. 22-

900, 2022 WL 3913550, at *4 (E.D. Pa. Aug. 30, 2022).  At most, Plaintiff has merely provided a

list of names of alleged conspirators.  But "merely listing the names of alleged conspirators" and

making general allegations about them is insufficient to establish the existence of a RICO

AL 22

enterprise.  *See Shaikh* v. *Germadnig*, No. 22-2053 (RK) (JBD), 2023 WL 4534127, *20–21 (D.N.J. July 13, 2023).

*Second*, Plaintiff fails to adequately allege the requisite predicate racketeering activity.[6]  He alleges obstruction of justice under 18 U.S.C. §§ 1951 and 1512,[7] as well as mail fraud and wire fraud under 18 U.S.C. §§1341 and 1343, as the supposed predicate racketeering activity.  Am. Compl. ¶¶ 350, 358, 366.  He fails to adequately allege any of these predicate acts.

Plaintiff also fails to state a claim for Hobbs Act Extortion or Robbery under 18 U.S.C. § 1951.  Hobbs Act Robbery criminalizes "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property[.]" 18 U.S.C. § 1951(b)(1).  Crucially, Hobbs Act Robbery requires at least a threat of physical force. *United States* v. *Monroe*, 837 Fed. Appx. 898, 900 (3d Cir. 2021).  And "physical force means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson* v. *United States*, 559 U.S. 133, 140 (2010) (internal citations omitted).  Plaintiff does not allege that any of the RICO Defendants used or threatened to use physical force, so he fails to state a claim for Hobbs Act Robbery.

Plaintiff likewise cannot proceed with Hobbs Act Extortion under a "color of official right" theory.  18 U.S.C. § 1951(b)(2).  In order to make out this theory, he must allege "that a public official has obtained a payment to which he was not entitled, knowing that the

---

[6]  To the extent Plaintiff is seeking to make out these counts as freestanding claims, they are not cognizable.  All of the statutes cited by Plaintiff are criminal, and do not provide for private rights of action.

[7]  Plaintiff styles this claim as for "Obstruction of Justice."  But 18 U.S.C. § 1951 does not deal with obstruction of justice, but rather the "[i]nterference with commerce by threats or violence[,]" more commonly referred to as Hobbs Act Extortion or Robbery.

AL 23

payment was made in return for official acts." *Ocasio* v. *United States*, 578 U.S. 282, 285 (2016); *see also United States* v. *Pawlowksi*, 351 F. Supp. 3d 840, 849 (E.D. Pa. 2018) (same). This theory is the "rough equivalent of what we would now describe as taking a bribe." *Ocasio*, 578 U.S. at 285 (internal quotations omitted).

Plaintiff's allegations regarding this purported bribe are conclusory and implausible. He alleges that the William Penn Foundation, an organization that was originally co-founded by Otto Haas, a member of the same family that founded R&H, made a $100 million commitment to the City of Philadelphia's plan to revitalize neighborhood parks, libraries, and playgrounds in order to "secure the agreement, cooperation, and assistance of the City/City Officials in carrying out the proxy war." Am. Compl. ¶¶ 197–202. His theory rests on "information and belief." Am. Compl. ¶ 202. The Amended Complaint provides no particularized allegations or evidentiary support for the allegation that this otherwise unrelated donation was part of an illicit quid pro quo scheme, instead providing only that the "size and subject of the grant were significant" in light of the "extraordinary request" that the "Core Defendants" purportedly made of the "City/Kenney Administration[.]" Am. Compl. ¶ 203. Such "boilerplate and conclusory allegations do not support a pleading upon information and belief." *Keita* v. *Delta Community Supports, Inc.*, No. 19-5967, 2020 WL 3453718, at *4 (E.D. Pa. June 24, 2020). Based on the threadbare allegations of the Amended Complaint, it is implausible that this well-known charitable foundation, "dedicated to improving the quality of life in the Greater Philadelphia region[,]" and which has donated grants of over $1.6 billion with that objective, made this particular donation in order to secure the cooperation of an entire city's prosecutorial and administrative branches to persecute one man for actions that began decades prior. Am. Compl.

13

¶ 196.  Accordingly, Plaintiff fails to state the requisite quid pro quo necessary to state a claim for Hobbs Act Extortion under 18 U.S.C. § 1951(b)(2).

Plaintiff also fails to state a claim for "obstruction of justice" under 18 U.S.C. § 1512.  Again, despite being titled "Obstruction of Justice" in the Amended Complaint, this statute actually criminalizes witness or victim tampering.  Like his other counts, his allegations here are nothing more than threadbare recitals of the cause of action, copying and pasting portions of the statute word-for-word.  *Compare* Am. Compl. ¶ 359 *with* 18 U.S.C. §§ 1512(b)–(d).  Plaintiff spends many pages of allegations recounting in detail the various legal proceedings he has found himself embroiled in with other Defendants.  Am. Compl. ¶¶ 214–315.  And he spends significant ink cataloging why he disagrees with the positions the litigants and the courts took throughout these proceedings.  In sum, Plaintiff's theory appears to be that because he disagrees with the actions taken in the historical litigations, they must have been in bad faith for the purpose of coercing him.  His only allegation in this regard is that parties took actions "to harass, intimidate, threaten, instill fear, oppress, and coerce plaintiff in connection with the proxy war."  Am. Compl. ¶ 319.  These sort of conclusory allegations are insufficient to survive a motion to dismiss.

The Middle District of Pennsylvania dealt with a similar set of allegations in *Emel* v. *Singleton*, 3:CV-09-0664, 2010 WL 1005264 (M.D. Pa. Feb. 11, 2010).  In *Emel*, the plaintiff alleged that an expansive group of defendants engaged in a pattern of racketeering by engaging in a wide-ranging conspiracy to terminate her, and then "acted improperly during her administrative appeal of her termination," including by committing perjury, mail fraud, and witness tampering. *See id.* at *15–16.  The defendants were "persons involved in her civil and criminal proceedings." *Id.* at *16.  The Middle District did not credit the plaintiff's "vague and confusing" complaint, *id. at *4*, and found that she failed to "properly state Defendants' participation in a pattern of

racketeering activity" and to explain how the defendants committed the alleged tampering and
obstruction of justice.  *Id.* at \*16.  Accordingly, the court found she "fail[ed] to state any RICO
claim."  *Id.*  This Court should do the same.

> The final claimed predicate racketeering acts are mail and wire fraud, but Plaintiff
also fails to adequately allege either of these claims.  The elements of a mail fraud offense are "(1)
the existence of a scheme to defraud; (2) the use of the mails—whether the United States Postal
Service or a private carrier—in furtherance of the fraudulent scheme; and (3) culpable participation
by the defendant, that is, participation by the defendant with specific intent to defraud."  *United
States* v. *Dobson*, 419 F.3d 231, 237 (3d Cir. 2005) (discussing 18 U.S.C. § 1341).  Similarly, the
elements of a wire fraud offense are "(1) the defendant's knowing and willful participation in a
scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of . . . interstate
wire communications in furtherance of the scheme."  *United States* v. *Andrews*, 681 F.3d 509, 518
(3d Cir. 2012) (discussing 18 U.S.C. §§ 1343, 1346).

> Despite spending hundreds of paragraphs detailing various actions over the course
of decades, Plaintiff's specific mail and wire fraud allegations are conclusory and modest in scope.
He alleges that "[e]ach of the cases involved numerous electronic filings in furtherance of the
fraudulent plan/scheme[,]" and proceeds to describe the contents of and participants in a series of
emails and letters—all of which Plaintiff, himself, either sent or received—before summarily
concluding that the "mails and wires were used and were necessary to further plan/scheme to
defraud as written herein, were detrimentally relied upon as part of the plan/scheme, and resulted
in great damage and loss to plaintiff."  Am. Compl. ¶¶ 368–369.  His theory appears to be that the
allegations, complaints, and communications made by the City of Philadelphia and various others
in connection with his tax/PUFTA matter were all part of a wide-ranging scheme to defraud him.

But while Plaintiff certainly explains that he disagrees with certain actions or finds them wrongful, there is no well-plead allegation that any of the actions were meant to defraud him. He relies on nothing more than boilerplate assertions in this regard, and doing so is wholly insufficient, as "conclusory allegations, plead upon information and belief, do not meet the specificity requirements of Rule 9(b)." *KSM Assocs., Inc.* v. *ACS State Healthcare LLC*, No. 05-4118, 2006 WL 8459538, at *1 n.1 (E.D. Pa. Jan 24, 2006).

In sum, Plaintiff has failed to adequately allege a single predicate instance of racketeering conduct.

*Third*, even if Plaintiff had adequately alleged the claimed predicate offenses generally, there is no allegation that Mr. Liveris participated in a pattern of racketeering activity. To be liable under 18 U.S.C. § 1962, a defendant must have taken "'some part in directing the enterprise's affairs' which is necessary for a finding that it 'conducted or participated' in the conduct of the . . . enterprise[.]" *Spokane* v. *Nationwide Life Ins. Co.*, 617 F. Supp. 3d 290, 305 (E.D. Pa. 2022). This element requires the defendant have "some part in directing" the affairs of the enterprise. *Reves* v. *Ernst & Young*, 507 U.S. 170, 179 (1993). In order to be considered to be "directing the enterprise," the "defendant must have participated [in the enterprise] through a pattern of racketeering activity." *Alitsource S.A.R.L.* v. *Szumanski*, No. 21-03293, 2022 WL 909872, *6 (D.N.J. Mar. 29, 2022) (quotations and citation omitted). Accordingly, the Third Circuit has stated that "no defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern." *Banks* v. *Wolk*, 918 F.2d 418, 421 (3d Cir. 1990); *see also Amos* v. *Franklin Fin. Servs. Corp.*, 509 Fed. Appx. 165, 168 (3d Cir. 2013) (same); *Magnum* v. *Archdiocese of Phila.*, No. 06-CV-2589, 2006 WL 3359642, at *9 (E.D. Pa. Nov. 17, 2006) (same).

As discussed *supra*, there is no allegation that Mr. Liveris engaged in the purported wire or mail fraud, which entirely centers around communications relating to Plaintiff's tax dispute.  Mr. Liveris is not alleged to have made any of those communications.  Likewise, Plaintiff's Hobbs Act and tampering claims all center around his legal disputes with the City of Philadelphia.  Mr. Liveris is not alleged to have had any involvement with these actions.  The only connection that Plaintiff possibly could draw between Mr. Liveris and the alleged racketeering activity is the overarching claim that all of the activity was part of a "proxy war" that Mr. Liveris and others directed.  But these sort of constant refences to "Defendants in the collective, and general[] alleg[ations] that Defendants collectively engaged in a series of racketeering acts" is insufficient to state a Civil RICO claim.  *Magnum*, 2006 WL 3359642, at *9–10.  Nor is it sufficient to vaguely allege that Defendants acted in concert, as Plaintiff does repeatedly here.  *See West* v. *SunTrust Mortg.*, No. 18-3778, 2018 WL 5977984, at *4 (E.D. Pa. Nov. 14, 2018).

In sum, Plaintiff's Civil RICO claims against Mr. Liveris fail on all fronts and must be dismissed.

**B.    The Amended Complaint fails to state a claim for conspiracy to commit Civil RICO under 18 U.S.C. § 1962(d).**

Plaintiff also brings a claim for conspiracy to commit Civil RICO under 18 U.S.C. § 1962(d).  *See* Am. Compl. ¶¶ 370–372.  As the Third Circuit has explained, "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."  *Lightning Lube, Inc.* v. *Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1994); *see also Kolar* v. *Preferred Real Estate Inv., Inc.*, 361 Fed. Appx. 354, 367 (3d Cir. 2010) (affirming dismissal of § 1962(d) claim where the plaintiff failed to allege a predicate pattern of racketeering activity); *Travis* v. *State Auto Mutual Ins. Co., Inc.*, No. 21-5395, 2023 WL 2163975, at *4 (E.D. Pa. Feb. 22, 2023) (similar).  Because the substantive

Civil RICO claims are fatally deficient, the conspiracy claim falls as well.  *See Harvey A. Kalan, M.D., Inc.* v. *Lincoln Nat'l Life Ins. Co.*, No. 14-5216, 2022 WL 3350358, at \*11 (E.D. Pa. Aug. 12, 2022) ("Ergo, as Plaintiffs['] substantive Section 1962(c) claims have been dismissed, so too must their Section 1962(d) claim be dismissed.").

C.     **The Amended Complaint fails to state a claim for obstruction of justice against Mr. Liveris.**

Separate and apart from his Civil RICO allegations, Plaintiff purports to bring claims for obstruction of justice under 18 U.S.C. § 1503.  *See* Am. Compl. ¶¶ 361–364.  But that criminal statute does not provide a private right of action.  *See Jung* v. *Bank of Am., N.A.*, No. 3:16-CV-00704, 2016 WL 592973, at \*3 (M.D. Pa. Aug. 2, 2016) (stating that "no private right of action exists" under Section 1503); *Wolk Law Firm* v. *United States of Am. Nat'l Transp. Safety Bd.*, No. 19-1401,  2019 WL 5081996, at \*1 (E.D. Pa. Oct. 10, 2019) (same); *Thompson* v. *Kramer*, No. 93-2290, 1994 WL 725953, at \*15 (E.D. Pa. Dec. 29, 1994) (same); *Joynes* v. *Meconi*, No. 05-332 (GMS), 2006 WL 2819762, at \*10 (D. Del. Sept. 30, 2006).  Nor is there a private right of action for obstruction of justice under Pennsylvania state law.  *See Ally* v. *Temple Univ.*, No. 19-561, 2019 WL 4735495, at \*2 (E.D. Pa. Sept. 26, 2019) (collecting cases for the proposition that "no private cause of action exists for a Plaintiff to bring an obstruction of justice claim, under either the cited federal law or state law.").  Accordingly, Plaintiff cannot maintain an action under § 1503, and this claim should be dismissed.

D.     **The Amended Complaint fails to state a claim for abuse of process against Mr. Liveris.**

Plaintiff's allegations of abuse of process likewise fail to state a claim against Mr. Liveris.  *See* Am. Compl. ¶¶ 376–378.  To make out a claim for abuse of process under Pennsylvania law, "it must be shown that the defendant (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed, and (3)

that harm was caused to the plaintiff as a result." *Keim* v. *Cnty of Bucks*, 275 F. Supp. 2d 628, 635 (E.D. Pa. 2003).

Plaintiff fails at the very first hurdle. There are no well-plead allegations that Mr. Liveris had any involvement with the legal processes between Plaintiff and the City of Philadelphia. Mr. Liveris is not a party to any of these litigations. Indeed, Mr. Liveris is not even alleged to have known that these litigations were ongoing. Plaintiff's only allegation in this regard is the same conclusory refrain that all of these actions were part of a wide ranging "proxy war" orchestrated by Mr. Liveris and others. *See, e.g.*, Am. Compl. ¶¶ 185–193. Plaintiff provides no details or evidence in support of these facially implausible allegations, and they do not satisfy Plaintiff's pleading requirements. *See supra* Section II. Plaintiff's abuse of process claim should be dismissed with respect to Mr. Liveris.

### E. The Amended Complaint fails to state a claim for tortious interference with business relations against Mr. Liveris.

Plaintiff's claim for tortious interference with business relations fails for the same reason. *See* Am. Compl. ¶¶ 382–384. To make out a claim for tortious interference, Plaintiff must show: "(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct." *CGB Occupational Therapy, Inc.* v. *RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004) (describing Pennsylvania law).

Again, Plaintiff offers no allegations to demonstrate these elements. Mr. Liveris is not alleged to have known of any specific contractual or prospective contractual relations between the Plaintiff and some third party. Mr. Liveris is not alleged to have taken any purposeful action

Case 3:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24-2:24

that improperly interfered with those relations and caused the Plaintiff damage. And Mr. Liveris is not alleged to have acted with the specific intent to cause harm to those contractual relations. Plaintiff's tortious interference claim should be dismissed with respect to Mr. Liveris.

**F.     The Amended Complaint fails to state a claim for fraud against Mr. Liveris.**

Plaintiff's common law fraud count fares no better. *See* Am. Compl. ¶¶ 379–381. The elements of common law fraud are: "(1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation." *Joseph W. Davis, Inc.* v. *Int'l Union of Op. Eng'r, Local 542*, 636 F. Supp. 2d 403, 416 (E.D. Pa. 2008). Plaintiff does not make out a claim for fraud because the Amended Complaint does not allege that Mr. Liveris made *any* statement to Plaintiff or that Plaintiff relied on any statement made by Mr. Liveris.

Mr. Liveris is alleged to have made three sets of statements: *First*, he is alleged to have "exuded great enthusiasm for R&H" at the time it was acquired by Dow. Am. Compl. ¶ 129. But Plaintiff does not allege that this statement of opinion was false or misleading. Indeed, Mr. Liveris is alleged to not even have known the supposed truth regarding the litigations against R&H at the time this statement was made. *See* Am. Compl. ¶¶ 130, 133. Nor does Plaintiff allege that this statement was made with the requisite intent to deceive, or that Plaintiff relied upon this statement. *See Hollander* v. *Etymotic Rsch., Inc.*, 726 F. Supp. 2d 543, 551 (E.D. Pa. 2010) (dismissing misrepresentation claims when "specific facts showing Defendant's knowledge of falsity or intent to deceive are critically absent from the pleadings.").

AL 31

*Second*, Mr. Liveris is alleged to have made a series of statements to persuade Edward Breen to agree to a merger between Dow and DuPont.[8]  *See* Am. Compl. ¶¶ 135–136. Plaintiff does not allege with any specificity what these statements were, when they were made, the intent with which they were made, the knowledge with which they were made, or anything else about them.  Instead, Plaintiff bases this allegation entirely upon information and belief.  *See* Am. Compl. ¶ 136.  But "conclusory allegations, plead upon information and belief, do not meet the specificity requirements of Rule 9(b)."  *KSM Assocs.*, 2006 WL 8459538, at *1 n.1.  Plaintiff does not even summarily allege that he relied upon these statements, let alone that they were ever made to him.

*Third*, Mr. Liveris is alleged to have made positive statements about the Dow-DuPont merger when it occurred.  Am. Compl. ¶ 139.  The same faults that plagued the first two categories of statements are present here.  Plaintiff does not plead with any specificity why this statement was false, its materiality, anything to do with Mr. Liveris's *mens rea*, or Plaintiff's reliance on this statement.

Plaintiff's claim for common law fraud against Mr. Liveris must be dismissed.

### G.    The Amended Complaint fails to state a claim for conversion against Mr. Liveris.

Plaintiff also purports to make out a conversion claim against Mr. Liveris and all Defendants.  *See* Am. Compl. ¶¶ 385–387.  The requisite elements of a common law conversion claim include:  (1) the "deprivation of another's right of property, or use or possession of a chattel, or other interference therewith," (2) without the owner's consent, and (3) without legal

---

[8]    It is also alleged, in reliance on certain unspecified "published reports," that Mr. Liveris had previously and unsuccessfully approached Ellen Kullman, Mr. Breen's predecessor, concerning a potential tie-up with DuPont.  Am. Compl. ¶ 135, n.30.

AL 32

justification. *Personavera, LLC* v. *Coll. of Healthcare Info. Mgmt. Executives*, No. CV 18-633, 2021 WL 1313108, at *13 (E.D. Pa. Apr. 8, 2021) (quoting *Fenton* v. *Balick*, 821 F. Supp. 2d 755, 760 (E.D. Pa. 2011)).

Despite Plaintiff's recital of these elements virtually word-for-word in the Amended Complaint, he does not and cannot make out a claim for conversion as to Mr. Liveris. The singular example proffered in the Amended Complaint in support of its conversion claim not only relates to a property and a bank account over which Mr. Liveris is not alleged to have ever had any degree of possession, use, or control, but also specifically identifies certain Defendants as having participated in associated illicit "activities and conduct" to the exclusion of Mr. Liveris.[9] *See* Am. Compl. ¶ 386. Because Plaintiff nowhere alleges that Mr. Liveris took any action to deprive him of property or that he had any interaction with Mr. Liveris related to the underlying tax matters, Plaintiff cannot satisfy the threshold element of a common law conversion claim, and his conversion claim against Mr. Liveris must be dismissed.

## H. The Amended Complaint fails to state a claim for intentional infliction of emotional distress against Mr. Liveris.

Next, Plaintiff alleges that Mr. Liveris's conduct was so "extreme and outrageous" as to constitute intentional infliction of emotional distress ("IIED"). *See* Am. Compl. ¶¶ 388–390. "Under Pennsylvania law, '[t]he elements of intentional infliction of emotional distress are (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another.'" *Samuel* v. *Del. Cnty. Hous. Auth.*, No. 22-2451, 2023 WL 4494163, at *12 (E.D. Pa. July 11, 2023) (quoting *Manley* v. *Fitzgerald*, 997 A.2d 1235, 1241 (Pa.

---

[9] For the avoidance of doubt, and for the reasons set forth in the other Defendants' motions to dismiss, Plaintiff has failed to state a single actionable claim against any Defendant.

Commw. 2010)); *see also Reedy* v. *Evanson*, 615 F.3d 197, 231–32 (3d Cir. 2010).  Plaintiff fails to adequately plead any of these elements.

      *First*, the Amended Complaint fails to show that Mr. Liveris's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  *Hoy* v. *Angelone*, 720 A.2d 745, 754 (Pa. 1998).  None of Mr. Liveris's alleged conduct rises to this extreme level.  He is alleged to not have engaged in proper or sufficient due diligence when Dow acquired R&H.  *See, e.g.*, Am. Compl. ¶ 132.  And he is alleged to have involved Dow in various transactions and mergers in order to "mitigate the risks/exposures of Dow and/or others in connection with Dow's ill-advised purchase of R&H*.*"  *See, e.g.*, Am. Compl. ¶ 136.  None of these actions or anything else the Plaintiff alleges about Mr. Liveris is "utterly intolerable" or exceeds and "all possible bounds of decency."  *Hoy*, 720 A.2d at 754.  They are the day-to-day actions of a CEO who is running an organization engaged in business transactions.[10]  Plaintiff has failed to adequately allege the first element of IIED.

      *Second*, the Amended Complaint does not adequately allege that Mr. Liveris intentionally or recklessly caused the Plaintiff emotional distress.  "The requisite intention which one must display for liability to be imposed is knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct."  *Bryan* v. *Erie Cnty. Off. of Children & Youth*, 861 F. Supp. 2d 553, 586 (W.D. Pa. 2012) (internal quotations omitted).  And the Amended Complaint makes no allegations that Mr. Liveris took any of the alleged actions with the "requisite intent to harm plaintiff."  *Proudfoot* v. *Williams*, 803 F. Supp. 1048, 1054 (E.D. Pa.

---

[10]  To the extent Plaintiff is relying on his conclusory allegation that Mr. Liveris has directed a supposed "proxy war" against Plaintiff, this allegation is, again, conclusory and should not be credited.

1992).  Plaintiff does not allege even in a conclusory manner that Mr. Liveris took any actions with the knowledge that Plaintiff would be severely emotionally distressed by them.  Plaintiff has failed to adequately allege the second element of IIED.

>        *Third*, the Amended Complaint does not adequately allege that Plaintiff suffered from severe emotional distress.  In order to demonstrate this element, Plaintiff "must suffer some type of resulting physical harm due to the defendant's outrageous conduct."  *Reedy*, 615 F.3d at 231; *see also M.S. ex rel. Hall* v. *Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 430 (M.D. Pa. 2014); *Reeves* v. *Middletown Athletic Ass'n*, 866 A.2d 1115, 1122–23 (Pa. Super. Ct. 2004) ("[A] plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct.").  The Amended Complaint is utterly devoid of such allegations, only stating that Defendants' actions "caused plaintiff to suffer severe emotional distress with associated physical symptoms."  Am. Compl. ¶ 389.  But this sort of "conclusory recitation of two elements of an emotional distress claim" is insufficient to survive a motion to dismiss.  *White* v. *Brommer*, 747 F. Supp. 2d 447, 466 (E.D. Pa. 2010).  Plaintiff has failed to adequately allege the third element of IIED.

>        Accordingly, the IIED claim against Mr. Liveris should be dismissed.

**I.      The Amended Complaint fails to state a claim for civil common law conspiracy against Mr. Liveris.**

>        Finally, Plaintiff brings a claim for common law conspiracy against Mr. Liveris and all Defendants.  *See* Am. Compl. ¶¶ 391–393.  This claim must be dismissed as well.  A civil conspiracy claim under Pennsylvania law requires "an underlying tort."  *Boyanowski* v. *Cap. Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000).  Because Plaintiff has not adequately pled any underlying tort, the civil conspiracy claim necessarily fails.  *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 791 (3d Cir. 1999) (affirming dismissal of conspiracy claim

when plaintiff did not adequately allege a viable underlying tort); *Feingold* v. *Graff*, No. 12-1090, 2012 WL 2400998, at *5 (E.D. Pa. June 26, 2012) (finding that because the "Complaint contains no viable allegation of an underlying tort . . . Plaintiff [] failed as a matter of law to state a claim for civil conspiracy.").[11]

## **CONCLUSION**

For the foregoing reasons, including the additional reasons set forth in the City Defendants' Brief, the Liberty Mutual Defendants' Brief, and Dow Inc.'s Brief—which, as noted *supra*, are incorporated by reference, as if fully set forth herein—the Court should grant Mr. Liveris's motion and dismiss the Amended Complaint in its entirety as to him without leave to amend.

---

[11]  Even if Plaintiff had adequately alleged an underlying tort, he has made no well-plead allegations as to the existence of any sort of agreement to act in concert for an unlawful purpose or to take an unlawful act by Mr. Liveris and any of the other Defendants.  *See Gen. Refractories Co.* v. *Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (describing the elements of civil conspiracy under Pennsylvanian law).  As described *supra*, any such allegations are conclusory at best and should not be credited.

AL 36

Dated:  October 10, 2023

Respectfully submitted,

By:  */s/ Gregory F. Laufer*
    Gregory F. Laufer (*pro hac vice*)
    PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Telephone:  (212) 373-3000
    Facsimile:  (212) 757-3990
    glaufer@paulweiss.com

    Stuart T. Steinberg
    DECHERT LLP
    Cira Centre
    2929 Arch Street
    Philadelphia, PA 19104-2808
    Telephone:  (215) 994-2521
    Facsimile:  (215) 994-2222
    stuart.steinberg@dechert.com

    *Counsel for Defendant Andrew Liveris*

AL 37

## CERTIFICATE OF SERVICE

I certify that, on October 10, 2023, I caused a true copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

/s/ Gregory F. Laufer
Gregory F. Laufer (*pro hac vice*)

AL 38

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA

RICHARD J. SILVERBERG,

                    Plaintiff,

          v.

DUPONT DE NEMOURS, INC; DOW INC.;
CORTEVA, INC; INTERNATIONAL FLAVORS
AND FRAGRANCES, INC; AVANTOR, INC.;
LIBERTY MUTUAL GROUP, INC.; THE
VANGUARD GROUP, INC.; WILLIAM PENN
FOUNDATION; CITY OF PHILADELPHIA;
BALLARD SPAHR LLP; GELLERT SCALI
BUSENKELL & BROWN LLC; EDWARD
BREEN; ANDREW LIVERIS; RAJIV GUPTA;
ANDREAS FIBIG; DAVID H. LONG; TIMOTHY
BUCKLEY; JANET HAAS, M.D.; JAMES
KENNEY; MARCEL S. PRATT, ESQUIRE;
DIANA CORTES, ESQUIRE; MARISSA
O'CONNELL, ESQUIRE; BRIAN R. CULLEN,
ESQUIRE; GARY F. SEITZ, ESQUIRE, AND
JOHN DOES NOS. 1-15

                    Defendants.

Case No. 23-cv-1868

## DECLARATION OF ANDREW LIVERIS
## IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

I, Andrew Liveris, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a Defendant in the above-captioned matter.  I submit this declaration in support

of my motion to dismiss the amended complaint in the above-captioned action.  The facts stated

herein are true to the best of my knowledge.

2.      I currently reside at 260 Park Avenue South, Apt. 11B, New York, NY 10010.

3.      I am the President of the Board of the Brisbane Organizing Committee for the 2032

Olympic and Paralympic Games, the Chairman of the BlackRock Long Term Private Capital

Fund, and a member of the Boards of Directors of Lucid Motors Group, IBM, Novonix, and Saudi Aramco. I am also a Special Advisor to the Saudi Sovereign Wealth Fund.

4.      Previously, I served as Chairman and Chief Executive Office of Dow, and as Executive Chairman of DowDuPont.

5.      I was appointed CEO of Dow in November 2004, and was subsequently and additionally appointed Chairman in April 2006.

6.      In September 2017, I was named Executive Chairman of newly formed DowDuPont.

7.      I retired from Dow and DowDuPont in orderly succession in July 2018.

8.      My counsel has provided me with a copy of ECF 27, a July 20, 2023 Proof of Service Affidavit from Kevin S. Dunn, which Plaintiff filed on July 21, 2017. I understand that the affidavit purports to show that Mr. Dunn effectuated service on me on July 20, 2023 by delivering a copy of the summons to Robin Hutt-Banks, a Managing Agent with the Corporation Service Company, at 251 Little False Drive, Wilmington, Delaware. A true and correct copy of this document is attached to this Declaration as Exhibit 1.

9.      To the best of my knowledge, the Corporation Service Company and Ms. Hutt-Banks are the registered agent of IBM, where I sit on the Board of Directors.

10.     I do not maintain an office at 251 Little Falls Drive, Wilmington, Delaware, nor have I ever visited this address.

11.     I do not have a relationship with Ms. Hutt-Banks, nor have I ever met her.

12.     Corporation Service Company and Ms. Hutt-Banks are not, nor have they ever been, authorized to accept service on my behalf in my personal capacity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2023

_____

Andrew Liveris

# EXHIBIT 1

AL 42

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:23-CV-01868-TJS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)* ANDREW LIVERIS C/O INTERNATIONAL BUSINESS MACHINES CORP.

was received by me on *(date)* 07/20/2023

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ , or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* ROBIN HUTT-BANKS (MANAGING AGENT) , who is

designated by law to accept service of process on behalf of *(name of organization)* ANDREW LIVERIS C/O INTERNATIONAL BUSINESS MACHINES CORP. C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808 on *(date)* 07/20/2023 AT 11:45 AM

☐ I returned the summons unexecuted because _____ , or

☐ Other *(specify):*

_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: 07/20/2023

_____
*Server's signature*

KEVIN S. DUNN                          PROCESS SERVER
_____
*Printed name and title*

BRANDYWINE PROCESS SERVERS, LTD., PO BOX 1360, WILMINGTON, DE 19899
_____
*Server's address*

Additional information regarding attempted service, etc:

SERVED SUMMONS IN A CIVIL ACTION; COMPLAINT

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA**

|  |  |
|---|---|
| RICHARD J. SILVERBERG,<br><br>       Plaintiff,<br><br>  v.<br><br>DUPONT DE NEMOURS, INC; DOW INC.;<br>CORTEVA, INC; INTERNATIONAL FLAVORS<br>AND FRAGRANCES, INC; AVANTOR, INC.;<br>LIBERTY MUTUAL GROUP, INC.; THE<br>VANGUARD GROUP, INC.; WILLIAM PENN<br>FOUNDATION; CITY OF PHILADELPHIA;<br>BALLARD SPAHR LLP; GELLERT SCALI<br>BUSENKELL & BROWN LLC; EDWARD<br>BREEN; ANDREW LIVERIS; RAJIV GUPTA;<br>ANDREAS FIBIG; DAVID H. LONG; TIMOTHY<br>BUCKLEY; JANET HAAS, M.D.; JAMES<br>KENNEY; MARCEL S. PRATT, ESQUIRE;<br>DIANA CORTES, ESQUIRE; MARISSA<br>O'CONNELL, ESQUIRE; BRIAN R. CULLEN,<br>ESQUIRE; GARY F. SEITZ, ESQUIRE, AND<br>JOHN DOES NOS. 1-15<br><br>       Defendants. | Case No. 23-cv-1868-RBS |

**[PROPOSED] ORDER GRANTING DEFENDANT
ANDREW LIVERIS'S MOTION TO DISMISS THE AMENDED COMPLAINT**

AND NOW, this _____ day of _____, upon consideration of Defendant Andrew

Liveris's Motion to Dismiss the Amended Complaint and any opposition thereto, it is hereby

ORDERED that the Motion is GRANTED. Plaintiff Richard J. Silverberg's claims against

Andrew Liveris are dismissed with prejudice.

 

 

_____
Hon. R. Barclay Surrick, U.S.D.J.

**AL 44**